OPINION

TROY WAYNE POTEETE, Chief Justice.

Case History

Rudi Nolan was employed as a bartender for two years at Will Rogers Downs, in the Dog Iron Salon. He was fired on September 9th, 2014, for over serving a patron on August 8th, 2014.
*345 He timely filed an appeal under the internal procedures set out by Cherokee Nation Businesses. His appeal was heard by Stephen Gray, Administrative Hearing Judge, on Nov. 14, 2014. Nolan and CNB presented testimony and evidence including video surveillance of the night in question. The Employee Appeals Review Panel ruled in favor of CNB and sustained the termination. Nolan appealed to the Cherokee Nation District Court. The District Court reviewed the record, heard oral arguments, and adopted the Findings of Fact and Conclusions of Law contained in the Amended Order Sustaining Termination filed by the EARP on Jan. 28, 2015. Nolan now appeals the District Courts Order sustaining his termination.

Issues

Two issues are before us:
1. We are asked to determine whether the Cherokee Nation District Court failed to apply a de novo review of the Determination of the Employee Appeals Review Panel that his termination was justified.
2. We are asked to determine whether Plaintiff was entitled to progressive discipline under the provisions of 51 CNCA 1011, or whether his termination was justified as a termination for cause as set out in 51 CNCA 1010(A)(2).

Standard of Review

The standard of review by the Supreme Court of the District Court rulings is de novo on conclusions of law and sufficiency of the record for fact. This Court heard an appeal from the determination of the District Court overturning the determination of Cherokee Nation Entertainment EARP Hearing Officer in Cherokee Nation Entertainment, LLC v. McInerey, SC-2010-01 and held:

Questions of law are entitled to de novo review, ie. a plenary, independent, and non-deferential re-examination of the Hearing Officer’s findings and the District Court’s legal rulings. This Court must determine whether there is sufficient evidence from the record before the Hearing Officer to support the District Court’s decision. Mclnermey, at page L

NOTE: In the instant case this Court is being asked to determine whether the District Court impermissibly granted deference to the rulings of the Hearing Officer in a case appealed to the District Court from the Employee Appeals Review Panel (EARP), an entity created by Cherokee Nation Businesses, LLC, to conduct internal review of employee terminations.

Discussion of Issue (1)

Plaintiff contends that the District Court impermissibly gave deference to the determinations of the Employee Administrative Review Panel rather than applying a de novo review to the findings of that entity.
We agree with Plaintiffs observations that the Employee Administrative Review Panel (EARP) is the creation of the defendant, Cherokee Nation Businesses, rather than a statutorily created entity such as the Employee Appeals Board (EAB). The statute creating the EAB provides that appeals from its decisions shall come directly to this Court, rather than to the District Court, and also provides that this Court’s review of EAB decisions is restricted to the record.
By contrast, Appeals from the Employee Administrative Review Panel (EARP), created internally by Cherokee Nation Businesses, and administered by attorneys appointed by CNB, are to the District Court. We concur with the Plaintiffs contention that determinations of the EARP are not *346 entitled to the statutory deference prescribed to decisions of the EAB. This Court approved the de novo review of the EARP’s determinations by the District Court in Mclnnery. We reiterate here that the standard of review of the determinations of the EARP by the District Court is de novo.
In support of his argument that the District Court failed to provide de novo review Plaintiffs pleadings quote the District Court order thusly:

“The Court adopts the Findings of Fact and Conclusions of Law contained in the Amended order Sustaining Termination filed on Jan 28, 2015, as all are supported by competent evidence and should not be disturbed on appeal. ”

A review of the Order indicates that Plaintiff omitted the first sentence of the quoted paragraph, to wit: “After review of the record, briefs on file and arguments of counsel, the Court finds that the Order of Termination shall be sustained. Emphasis added.
This language from the District Court’s order indicates that the District Court reviewed the record, the testimony, the evidence, and contemplated the arguments of counsel. While the language “supported by competent evidence and should not be disturbed on appeal” does indeed bear resemblance to that used by courts who have applied a more deferential judicial review than that of de novo, still, this Court is reluctant to remand this case to a District Court which has already announced that it performed a review and found the evidence “competent ”.

Discussion of Issue (2)

Article XII of the Cherokee Nation Constitution provides that:

No employee, who having served in a position at least one (1) year, shall be removed from the employment of the Cherokee Nation except for cause, and only after being afforded pre-ter-mination due process. Provided, the right of such employee to seek redress in the Cherokee Nation courts shall not be abridged.

Plaintiff argues that as part of his pre-termination due process he was entitled to progressive disciplinary action under the provisions of 51 CNCA 1011(a). Defendant contends that the case falls under the sort of action contemplated in 51 CNCA 1010(A)(2) which provides:

An employee of Cherokee Nation may be terminated for cause without prior warning, counseling, or reprimand, based on one of the following grounds:

(2) Engaging in conduct while on duty which affects or could affect the safety of the work environment and co-workers or which could affect public safety; ..., and any other conduct which poses a threat to the public safety;
We concur with the determination of the Hearing Panel and the District Court that Plaintiffs conduct, amply evidenced by the record, was such that it did indeed “pose a threat to the public safety”; as contemplated by the statute. Therefore, we conclude that the due process to which the Plaintiff is entitled were met by the hearing afforded him, and that he was not entitled to the provisions for progressive disciplinary action outlined in 51 CNCA 1011(a).
Plaintiff was afforded due process. He was afforded the opportunity to present witnesses and tell his side of the story. All of these proceedings were duly recorded and part of the record made available to, and reviewed by, the District Court.
THEREFORE the order of the District Court affirming the determination of the *347 Employee Appeals Panel is hereby AFFIRMED.
IT IS SO ORDERED.
Concurring: ANGELA JONES, Justice, JOHN C. GARRETT, Justice, LYNN BURRIS, Justice.
Justice JAMES G. WILCOXEN took no part in the consideration or decision of this case.